```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


KEVIN SANCHEZ, ET AL.                     CIVIL ACTION

VERSUS                                    NO. 06-8483

STATE FARM INSURANCE COMPANY, ET AL.      SECTION "R"(1)
```

### ORDER AND REASONS

Before the Court is the motion of plaintiffs, Kevin and Jane Sanchez and Phat Nguyen, to remand this action to state court. For the following reasons, the Court GRANTS plaintiffs' motion.

### I.   BACKGROUND

Plaintiffs sued State Farm Insurance Company, their homeowner's insurer, and their insurance agents, Melanie Malone and Linda Collins Insurance, in Louisiana state court on claims relating to their insurance coverage. State Farm's citizenship is diverse from plaintiffs, but Malone and Collins Insurance, like plaintiffs, are citizens of Louisiana. The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332. *See McLaughlin v.*

*Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). State Farm removed this case to federal court on the ground that federal diversity jurisdiction exists because the nondiverse insurance agents were joined improperly. In the alternative, State Farm asserts two other theories of federal jurisdiction: (1) under 28 U.S.C. §§ 1369 and 1441, the Multiparty Trial Jurisdiction Act, or (2) under the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129. For the following reasons, the Court does not have jurisdiction over this matter.

**II.   LEGAL STANDARDS**

   **A.   Applying Louisiana Law**

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).* In Louisiana, "courts must

begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.**    **Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it

appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**C.  Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

State Farm asserts that there is no arguably reasonable basis to predict that a Louisiana court would hold either of the

insurance agents liable, so that their citizenship should be disregarded in the Court's jurisdictional analysis.  State Farm posits that plaintiffs have not stated a claim against these defendants.  The Court finds that defendant has not established improper joinder as to defendant Malone.  It does not, because it need not, reach the issue of the propriety, *vel non*, of the joinder of defendant Collins Insurance.

Read in plaintiffs' favor, plaintiffs' petition asserts that Malone failed to procure the insurance coverage plaintiffs requested on their property.  More particularly, plaintiffs allege that Malone failed to procure adequate flood coverage for their property, despite having discussed desired coverages and limits with her.  It is well-established under Louisiana law that a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage.  The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage."  *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).  The Court therefore finds that there is an arguably reasonable basis to predict that state law might impose liability against Malone.  Hence, she is

not improperly joined, and the Court lacks diversity jurisdiction over this matter.

Multiparty, Multiforum Trial and Jurisdiction Act

As noted, State Farm also grounds jurisdiction on the Multiparty, Multiforum Trial and Jurisdiction Act of 2002. State Farm asserts that there exists minimal diversity and Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore the MMTJA confers original subject matter jurisdiction over this action. Alternatively, State Farm contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because State Farm is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a). The Court has thoroughly addressed these same arguments in previous cases and finds no reason to reach a different result here. *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (same). The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it jurisdiction over this matter.

Federal question jurisdiction

Finally, the Court rejects State Farm's contention that federal jurisdiction over these actions is proper under 28 U.S.C. § 1331. Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808 (citation omitted). Defendants assert that plaintiffs ask the Court to settle a dispute arising under a Standard Flood Insurance Policy, the terms of which are established by federal regulation. *See* 44 C.F.R. Pt. 61, App. A. The Court finds no such disputes in plaintiffs' state court petition, which asserts recovery only under Louisiana law and against their homeowner's insurer.

Because plaintiffs do not assert any claims under federal law, federal question jurisdiction exists only if an exception to the well-pleaded complaint rule applies. Defendant asserts that plaintiffs' action requires the Court to construe a federal statute, the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, because plaintiffs also seek adjudication of any claims arising from their federal flood policies. Defendant asserts that there is a compelling federal interest in the application of the federal flood program. In limited circumstances, an action that contains "an important issue of federal law" may establish federal jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2368 (2005) ("The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law . . . ."). In *Grable*, the plaintiff filed a quiet title action in Michigan state court alleging that the defendant's title to certain property was invalid, and defendant removed. 125 S. Ct. at 2366. A Michigan court rule required the plaintiff to specify the facts establishing the superiority of its claims, and plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id*. at 2368. Whether the plaintiff "was given

9

notice within the meaning of a the federal statute," the Court recognized, was "thus an essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute . . . ." *Id*. In finding federal question jurisdiction, the Court observed that the meaning of the federal tax provision was an important issue of federal law that belonged in federal court, especially in light of the Government's interest in the "'prompt and certain collection of delinquent taxes,'" and the IRS' need for certainty in notice requirements to provide buyers of seized property assurance that the IRS has taken all steps required to convey good title. *Id*. (*quoting United States v. Rodgers*, 461 U.S. 677, 709 (1983)). The Supreme Court has since stated that only a "slim category" of cases will satisfy the *Grable* paradigm. *Empire Healthchoice Assur., Inc. v. McVeigh*, 126 S. Ct. 2121, 2137 (2006). This is because *Grable* did not overturn the rule that federal question jurisdiction exists only when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368. The mere presence of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Since *Grable* was decided, federal courts

have repeatedly repelled attempts to peg federal jurisdiction on its holding, often because the federal issue allegedly implicated was not "disputed and substantial."  *See, e.g.*, *McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 970 (E.D. Wis. 2006) (the meaning of the crucial term in a federal regulation had already been decided); *Samuel Trading, LLC v. Diversified Group, Inc.*, 420 F. Supp. 2d 885, 892 (N.D. Ill. 2006) (though the case might contain a dispute over federal law, the dispute was not substantial because it did not affect plaintiff's right to relief).

    Defendant does not explain how the Court would be forced to interpret the NFIA to decide these cases or to award plaintiffs the relief they seek, and the Court does not see how it might be forced to do so.  Plaintiffs seek recovery against their homeowner's insurer based on relevant state law.  They do not urge any particular reading of federal law in support of their claims.  Finally, defendant's assertion that the federal government has a compelling interest in the resolution of these claims because of the mere existence of the NFIA proves too much. Interpretation of a contract under state law will often involve events, parties, and issues that are otherwise the subject of federal regulation.  A mere tangential relationship to a federal policy cannot be sufficient to bring these claims into federal

11

court.  The Court finds that it does not have jurisdiction over these cases under 42 U.S.C. § 1331.

**IV. CONCLUSION**

    For the foregoing reasons, the Court GRANTS plaintiff's motion to remand because it lacks subject matter jurisdiction.

    New Orleans, Louisiana, this 22nd day of February, 2007.

                                 _____
                                    SARAH S. VANCE
                            UNITED STATES DISTRICT JUDGE